IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| C. GORDON DILLARD, | Civ. No. 1:13-cv-00373-CL |
| Plaintiff, | |
| | FINDINGS AND RECOMMENDATION |
| v. | |
| THE STATE OF OREGON; THE CITY OF GRANTS PASS; JOSEPHINE COUNTY; JAMES BRISSETTE; JEFFREY GAUNT; ELLEN ROSENBLUM; MICHAEL SANCHEZ; JOE HENNER; STEPHEN CAMPBELL, | |
| Defendants. | |

CLARKE, Magistrate Judge.

On March 5, 2013, plaintiff C. Gordon Dillard ("plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against the State of Oregon, Oregon Attorney General Ellen Rosenblum, Stephen Campbell, Michael Sanchez, Josephine County, Jeffrey Gaunt, James Brissette, Joe Henner, and the City of Grants Pass. On October 8, 2013, this court issued an Order (#42) dismissing plaintiff's claims against the State of Oregon, Oregon Attorney General Ellen Rosenblum, Stephen Campbell, and Michael Sanchez (collectively, "state defendants")

Page 1 – FINDINGS AND RECOMMENDATION

with prejudice. The court also dismissed plaintiff's remaining claims, granting leave to refile plaintiff's claims for search and seizure violations and malicious prosecution. *See Dillard v. The State of Oregon, et al.,* Civ. No. 1:13-cv-373-CL (D. Or. Oct. 8, 2013).

This matter comes before the court on the state defendants' motion (#58) to dismiss plaintiff's first amended complaint for lack of subject matter jurisdiction ("first motion to dismiss"). Defendants Jeffrey Gaunt, James Brissette, Joe Henner, Josephine County, and the City of Grants Pass also filed a motion (#57) to dismiss the amended complaint ("second motion to dismiss"). Plaintiff has filed responses (#61, 62). For the reasons stated below, all defendants' motions (#57, 58) should be GRANTED and the first amended complaint (#56) DISMISSED with prejudice.

## LEGAL STANDARD

Under Fed. R. Civ. Pro. ("Rule") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That is, plaintiffs must show that there are claims not merely conceivable, but plausible. *Id.* at 570; *Ashcroft*, 556 U.S. at 679.

While a court must accept as true all factual allegations contained in the complaint, the same principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. That is, mere recitals

of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* A *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A complaint filed *in forma pauperis*, however, may be dismissed at any time if the court determines that the action or appeal is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## DISCUSSION

### I. First Motion to Dismiss

The state defendants argue that plaintiff's claims against them should be dismissed. In its October 8, 2013 Order, this court adopted the following findings: (1) the State of Oregon is entitled to Eleventh Amendment immunity in this matter; (2) plaintiff could not state a clam against Attorney General Ellen Rosenblum; and (3) Stephen Campbell and Michael Sanchez are entitled to prosecutorial immunity. *Dillard,* Civ. No. 1:13-cv-373-CL. Plaintiff's amended complaint nevertheless names each of the state defendants as parties. Plaintiff's claims against the state defendants should thus be dismissed because the amended complaint fails to comply with the court's Order[1] (#42). The first motion to dismiss should therefore be granted.

### II. Second Motion to Dismiss

Defendants argue in the second motion to dismiss that the amended complaint should be dismissed with prejudice "because it is apparent that the Plaintiff did not make a good faith effort to comply with this Court's order of October 8, 2013." As noted, the October 8, 2013 Order

---

[1] In his Opposition to the state defendants' motion to dismiss, plaintiff contends that he complied with the court's order dated January 30, 2013. Pl.'s Opp., p. 2. The court, however, cannot find any such order. The relevant order, filed December 30, 2013, refers to the court's order of December 19, 2013, which states that "[p]laintiff may file an amended complaint ... in accordance with the guidelines provided by Judge Clarke in his Report and Recommendation, ECF No. 35." *See* Dkt. 51.

Page 3 – FINDINGS AND RECOMMENDATION

granted leave to amend *only* plaintiff's claims of illegal search and seizure and malicious prosecution. *See Dillard,* Civ. No. 1:13-cv-373-CL.

In his amended complaint, plaintiff essentially alleges that defendant Brissette illegally searched and seized him and his belongings when he executed a general warrant based on false affidavits. *See* Am. Compl., p. 5. Specifically, the amended complaint attacks (1) "illegal searches and non-return of the computer seized at [plaintiff's] hotel; (2) "illegal search and seizure of [plaintiff's] automobile and non-return of its contents," and (3) a post-trial search warrant granted by Judge Newman.[2] While the court agrees with plaintiff that the amended complaint "provide[s] more detail concerning malicious prosecution and unlawful search and seizure," the court finds that plaintiff has not plead facts sufficient to suggest that the warrants were based on knowingly false reports, or that the warrants were overbroad. *See id.* Plaintiff's amended complaint therefore does not allege sufficient factual matter to raise a claim for relief beyond the speculative level; plaintiff does not allege with sufficient particularity the overt acts which the defendant engaged in that support the plaintiff's claims. *See Ashcroft,* 556 U.S. at 678; *see also Jones v. Community Redev. Agency,* 733 F.2d 646, 659 (9th Cir. 1984); *see also Iqbal,* 556 U.S. at 678 (formulaic recitation of the elements of a cause of action, supported only by conclusory allegations, are insufficient to state a claim upon which relief can be granted); *Papsan v. Allain,* 478 U.S. 265, 286 (1986) (court not bound to accept a legal conclusion couched as a factual allegation as true). Because plaintiff has failed to allege sufficient factual matter to state a claim to relief that is plausible on its face, the court recommends that plaintiff's amended search and seizure claims be dismissed with prejudice.

---

[2] Plaintiff appears to allege that all three searches were illegal because they were based on a "knowingly false police report" filed by Officer Gaunt. *Id.* Plaintiff's contention that the police report was knowingly false appears to be based on his allegation that, at trial, persons quoted in the police report "did not say what Gaunt quoted them as saying in the report." *Id.* Plaintiff does not identify any specific information in the police report that was known by Gaunt to be false.

Page 4 – FINDINGS AND RECOMMENDATION

Similarly, the amended complaint fails to cure the defects in plaintiff's malicious prosecution claim. In determining whether a plaintiff states a section 1983 claim for malicious prosecution, the court applies the state law elements of a malicious prosecution claim. *See Usher v. City of L.A.*, 828 F.2d 556, 561-62 (9th Cir. 1987). To state a claim for malicious prosecution in Oregon, a plaintiff must allege: (1) the commencement and prosecution by a defendant of a judicial proceeding against the plaintiff; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause to prosecute the action; (4) the existence of malice, or a primary purpose other than to secure the adjudication of the claim; and (5) damages. *Mantia v. Hanson*, 190 Or. App. 412, 419-20 (2003). In determining whether the second element is adequately pled, the court must consider whether the termination "reflects adversely on the merits of the underlying action." *Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347, 356 (2002).

Plaintiff's amended complaint does not state all of the elements of a claim for malicious prosecution. The amended complaint alleges that plaintiff was "maliciously prosecuted by [Sanchez] on a No Probable Cause Complaint, which complaint was initiated by Sanchez in a gross misapplication of Oregon State Law." Am. Compl., p. 10. Plaintiff does not plead plausible facts to substantiate the five elements of a claim for malicious prosecution under Oregon state law.[3] Like his amended search and seizure claims, plaintiff's malicious prosecution

---

[3] As noted in the Recommendation adopted in the October, 2013, Order, termination of plaintiff's case does not reflect adversely on defendants' actions in arresting and prosecuting plaintiff. The memorandum from the Oregon Attorney General recommends overturning plaintiff's conviction not for a lack of probable cause, but rather due to a change in the law in the Oregon Supreme Court's ruling in *State v. Barger*, 349 Or. 553 (Or. 2011). Spooner Decl., Ex. C. Indeed, the Oregon Court of Appeals followed this advice when it cited to *Barger* as the reason it overturned plaintiff's case. *State v. Dillard*, 242 Or. App. 570 (Or. App. 2011). The circumstances under which plaintiff's case was overturned do not indicate that the initial case against plaintiff was without merit, but rather that plaintiff benefited from a temporary change in the law following the Oregon Supreme Court's decision in *Barger*. Because the circumstances surrounding the termination of plaintiff's case do not reflect adversely on defendants' actions in bringing the initial case against plaintiff, plaintiff's amended malicious prosecution case should be dismissed with prejudice.

Page 5 – FINDINGS AND RECOMMENDATION

claims are too conclusory to support a claim to relief that is plausible on its face. The court thus recommends that plaintiff's amended malicious prosecution claims be dismissed with prejudice.[4] The second motion to dismiss should be granted.

### 3. Leave to Amend

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See* 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir.2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, plaintiff was given the opportunity to cure his search and seizure and malicious prosecution claims with the allegation of additional facts, but has failed to do so. The court also notes that plaintiff's inclusion of additional claims in the amended complaint reflects a refusal to abide by the court's previous Order. Thus, plaintiff's amended complaint should be dismissed with prejudice.

## RECOMMENDATION

After careful consideration of plaintiff's complaint in light of the Rule 12(b) standard, the state defendants' motions to dismiss (#58) should be GRANTED. The second motion (#57) to dismiss should also be GRANTED. Plaintiff's amended complaint (#56) should be DISMISSED with prejudice.

---

[4] In plaintiff's amended complaint, he also moves the court to issue a directive instructing the Marion County Circuit Court to transfer this cases No. 10C23772 and No. 10C22490. Am. Compl., p. 22. Insofar as that motion is acceptable as lodged within an amended complaint, the court recommends that it be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. See FED. R. CIV. P. 72, 6.

DATED this _____ day of February, 2014

MARK D. CLARKE
United States Magistrate Judge